David B. Golubchik (State Bar No. 185520)
Kurt Ramlo (State Bar No. 166856)
**LEVENE, NEALE, BENDER,
  YOO & GOLUBCHIK L.L.P.**
2818 La Cienega Avenue
Los Angeles, California 90034
Tel: (310) 229-1234; Fax: (310) 229-1244
DBG@LNBYG.com; KR@LNBYG.com;

Attorneys for Movants The X-Law
Group, P.C. and Filippo Marchino

Filippo Marchino (State Bar No. 256011)
Thomas E. Gray (State Bar No. 299898)
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380; Fax: (213) 599-3370
FM@XLAWX.COM; TG@XLAWX.COM

Attorneys for Movant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>  Debtor.<br><br>---<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>  Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, P.C., a professional corporation; et al,<br><br>  Defendants. | Case No: 8:21-CV-01631-ODW<br><br>[Bankr. Case No.: 8:19-bk-13560-SC]<br><br>[Bankr Adv. No.: 8:20-ap-01086-SC]<br><br>**Reply to Opposition to Motion for Reconsideration and Clarification of Order Denying Motion for Withdrawal of Reference**<br><br>Judge: Otis D. Wright III<br>Date:  January 31, 2022<br>Time:  1:30 p.m.<br>Place: Courtroom 5D, 5th Floor<br>       First Street Courthouse<br>       350 W. 1st Street<br>       Los Angeles, CA  90012 |

1

# I.

# INTRODUCTION

Movants filed a motion to withdraw the reference well before the deadline established by a local bankruptcy rule (and case law) that expressly establishes the deadline by which a party seeking a district court jury trial can file such a motion. Movants' motion to withdraw the reference briefly noted the 28 U.S.C. § 157(d) requirement of timeliness and included the evidence showing that the motion was filed well before the matter would be ready for trial, a seemingly non-controversial proposition. The Trustee contended that the motion was not timely, relying on case law dealing with grounds for withdrawal unrelated to jury trial rights. The Trustee did not argue or cite any law holding that the local rule did not apply to the timeliness issue. Given that the Movants could not have reasonably foreseen the Court's ruling on an issue not briefed or argued by the parties, the legal standard for reconsidering the issue has been satisfied and the Court should revisit the issue.

The local bankruptcy rules directly address and govern the timing of jury-trial withdrawal motions and are consistent with Ninth Circuit and other applicable case law. The local bankruptcy rules serve the policies of having specialized bankruptcy judges handle matters arising in the bankruptcy system and withdrawing the reference when the matters are ready for trial. It is then that the ground and purpose of withdrawal—the conduct of a jury trial by a district court judge—arises and withdrawal becomes necessary. Movants complied with the local bankruptcy rules and applicable case law and their right to a district court jury trial should be preserved.

The Trustee contends that the request for guidance on the meaning of the Denial Order seeks an unconstitutional advisory opinion. That doctrine applies to actions, but not interlocutory procedural rulings within an action that does not constitute a request for an advisory opinion. The Court should therefore clarify that the Denial Order does not deem Movants to have consented to a jury trial by a

2

bankruptcy judge, in accordance with the local bankruptcy rule that provides such a result has not been triggered.

## II.

## ARGUMENT

**A. The Local Bankrupt Rules set the time limitation on the filing of a jury-trial withdrawal motion.**

    1. <u>L.B.R. 9015-2(h)(1) sets the time limitation on motions to withdraw the reference for a district court jury trial</u>.

The Local Bankruptcy Rules include a comprehensive rule that governs jury trials demanded in matters pending in this District's bankruptcy courts. *See* L.B.R. 9015-2. The rule governs the jury demand, the statement that a party consents or does not consent to a jury trial conducted by a bankruptcy judge, withdrawal of a jury demand, waiver of a demand, trial by the bankruptcy court of issues for which a jury demand was not made or which the parties subsequently consented to trial without a jury, trials with an advisory jury, the conduct of all pretrial proceedings by the bankruptcy judge, addressing in the final pretrial orders any motions to withdraw the reference on the basis of a right to jury trial for which there is no consent to a bankruptcy judge, and the timing and consequences of untimely jury-right withdrawal motions. *See* L.B.R. 9015-2, 7016-1(b)(2)(G). In particular, L.B.R. 9015-2(h)(1), (3) establishes when jury-trial withdrawal motions can be brought and BLR 9015-2(h)(2) provides that any party who fails to bring such a motion in that time period is deemed to consent to a bankruptcy judge jury trial, i.e., that party has forfeited any right to a district court jury trial.

Although the rule does not expressly state that L.B.R. 9015-2(h)(1) establishes the time limitation required by § 157(d), L.B.R. 9015-2 does not expressly state that it does not establish such a time limitation or that the time period it establishes serves some other purpose. Nor can any other purpose of the L.B.R. 9015-2(h)(1) time requirement be discerned from its terms or context.

There is no case law examining or ruling on the purpose of L.B.R. 9015-2(h)(1) other than the Denial Order. Thus, the absence of a statement of purpose within the rule (as with most court rules) should not be dispositive. Instead, the rule's purpose must be determined from its content and its context. Those demonstrate that the purpose is to set a § 157(d) timeliness standard for jury-trial withdrawal motions.

The Trustee contends both that L.B.R. 9015-2(h)(1) does not relate to timeliness ("The Local Rule does not include the work 'timely.'", Opp'n at 6 n.2), although the Trustee does not state how a rule that states when a jury-trial withdrawal motion can be brought can be characterized as unrelated to "timely."

The Trustee also contends that L.B.R. 9015-2(h)(2) demonstrates that L.B.R. 9015-2(h)(1) is unrelated to timeliness under § 157(d). L.B.R. 9015-2(h)(2) details the consequences of not filing a motion that is timely under L.B.R. 9015-2(h)(1), and so L.B.R. 9015-2(h)(2) can be fairly described as not establishing a timeliness requirement for § 157(d) or relating directly to timeliness under §157(d). That description, however, does not apply to the indisputably timeliness setting nature of L.B.R. 9015-2(h)(1). Nor does the ability to file an earlier motion under L.B.R. 9015-2(h)(3) negate the timeliness benchmark established by L.B.R. 9015-2(h)(1).

    2. <u>The timeliness standard established by L.B.R. 9015-2(h)(1) does not supersede § 157(d) but instead is consistent with § 157(d) and thus is valid</u>.

L.B.R. 9015-2(h)(1) also does not state that it supersedes the § 157(d) timeliness requirement nor does its contents supersede § 157(d), nor could it. Movants do not contend that L.B.R. 9015-2(h)(1) supersedes § 157(d). Any local rule that is inconsistent with an applicable federal statute or national rule is invalid. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com),* 504 F.3d 775, 786-88 (9th Cir. 2007). In that decision, the Ninth Circuit held that the

Northern District's local bankruptcy rule on automatic transfer to the district court was invalid. That rule provided that the bankruptcy judge would determine whether a matter involved a valid and timely demanded jury right for which not all parties consented to a bankruptcy court jury trial. If the bankruptcy court so determined, the matter would be automatically transferred to the district court. This procedure was inconsistent with Section 157(d) and Federal Rule of Bankruptcy 5011, which provide that the district court hears any motion to withdraw the reference and, if withdrawal is proper, withdraws the reference. The bankruptcy court can neither hear the motion nor withdraw the reference.

Unlike the Northern District's local bankruptcy rules, this District's Local Bankruptcy Rules are consistent with the timeliness requirement of § 157(d) and the case law that interprets § 157(d). For example, the Ninth Circuit's *Healthcentral.com* decision held that withdrawing the reference under § 157(d) before a case is ready for a jury trial would be counter to and subvert the bankruptcy system, while allowing bankruptcy courts to retain jurisdiction would tap the bankruptcy court's unique knowledge of the Bankruptcy Code and ensure that the bankruptcy system is carried out. *Id.* at 787-88. L.B.R. 9015-2(g) and 7016-1(b)(2)(G) are entirely consistent with this holding by providing that where a timely jury demand has been made, the bankruptcy judge will conduct all pretrial proceedings and the parties' joint pretrial stipulation will address anticipated jury-trial withdrawal motions "pursuant to L.B.R. 9015-2 . . . ."

Case law addressing jury-trial withdrawal motions in this district, and districts without local rules establishing earlier timeliness requirements, typically deny such motions as premature and direct the parties to renew the motion when the case is ready for trial. (Reconsideration Mtn. at 5:5-15.) L.B.R. 9015-2(h)(1) is consistent with this case law by providing that a jury-trial withdrawal motion

5

may be made when the case is ready for trial, i.e., no later than 7 days after entry of the L.B.R. 7016-1(b) pretrial order.

> 3. <u>The Bankruptcy Court's adverse pretrial law and motion rulings do not constitute grounds to forfeit Movant's district court jury trial rights</u>.

The structure of demanding jury rights in bankruptcy matters, assigning all pretrial proceedings to the bankruptcy judge, not consenting to bankruptcy judge's authority to conduct a jury trial, moving to withdraw the reference to conduct that jury trial before an Article III life-tenured, salary-proof judge, and the policy reasons for withdrawing the reference when the matter is ready for trial will inherently always involve the potential, and frequently actual, adverse pretrial bankruptcy judge rulings against a party with such a jury trial right.  There may be strong policy reasons for avoiding such a result by providing that jury-trial withdrawal motions be brought before a matter is ready for trial, before a party is required to file a jury demand, or before a party is required to state whether the party consents to a jury trial by the bankruptcy judge.  But Ninth Circuit and other case law on jury-trial withdrawal motions (as opposed to all of the other types of withdraw motions) and the Local Bankruptcy Rules that are consistent with § 157(d) and that case law provide that a jury-trial withdrawal motion can be brought 7 days after entry of the pretrial order.

The majority of the case law addressing withdrawal on the basis of a district court jury trial right does not look at the other factors that are relevant to other permissive grounds for withdrawal that are unrelated to jury trial rights.  (*See e.g.*, (Reconsideration Mtn. at 5:5-15.)  Although the factor of forum shopping may be relevant in certain circumstances not present there, the right to a district court jury trial is sufficient by itself to trigger withdrawal of the reference.  This result is consistent with the converse, a regime (as some districts require) under which all parties must immediately seek withdrawal of the reference but continue with pretrial proceedings in the bankruptcy court (as required in this District by L.B.R.

9015-2(g)). If the moving party is pleased with the bankruptcy court's pretrial rulings, then that party can seek to waive or dismiss its withdrawal rights and if the party is displeased, it can rest on its pending withdrawal rights.

The intersection and tension of constitutional rights to a jury trial before an Article III judge, and the prerequisite unanimous party consent for Article I bankruptcy judges to conduct jury trials, and assigning pretrial proceedings to bankruptcy judges creates a situation where someone can always claim forum-shopping just on the existence of pretrial rulings, which by definition are adverse to one side or another. The fact remains that parties with a right to an Article III jury trial that complies with the rules should have that jury right preserved. *See Blackwell v. Zollino (in re Blackwell)*, 267 B.R. 724, 727-32 (Bankr. W.D. Tex. 2001) (describing tension between Article III jury trial rights in bankruptcy and opportunity for trial before different judge, describing suspicious instances of same, but ruling that the party in that proceeding was not precluded from seeking district court withdrawal of the reference for a jury trial). Here, Movants complied with the Local Bankruptcy Rules and their jury trial rights before an Article III judge should be preserved.

**B. The basis for reconsidering the applicability of the Local Bankruptcy Rules to the timeliness of the Withdrawal Motion satisfies the standard for reconsideration.**

The Trustee inappropriately frames the issue on which Movants based their request for reconsideration. Movants cited the timeliness requirement of § 157(d) in their moving papers and supplied evidence of their compliance (the operative complaint that raised issues giving rise to a right to a jury trial, the answer with a jury demand and statement of no consent, and a transcript of the first status conference after the making of the jury demand at which the anticipated timing (and grounds) of the jury-trial withdrawal motion was discussed with the bankruptcy judge). The Withdrawal Motion thus satisfied the showing necessary

7

to establish its timeliness.

The Trustee contended that the Withdrawal Motion was tardy, but did not assert that the Local Bankruptcy Rules did not govern that issue.

In their Withdrawal Reply, the Movants cited L.B.R. 9015-2(h)(1) for the standard that a jury-trial motion is timely if filed by 7 days after entry of the pretrial order, noted that the rule was consistent with the timeliness requirement of § 157(d), discussed case law on jury-trial withdrawal motions that almost uniformly applied the same standard, distinguished case law on non-jury trial withdrawal motions, and again summarized the evidence that showed compliance with the standard. The Withdrawal Reply did not address any argument that L.B.R. 9015-2(h)(1) was inapplicable to the timeliness requirement of § 157(d) because there was no case law addressing such an issue and no one, including the Trustee, had raised such an issue before the Withdrawal Reply was filed.

In these circumstances, Movants could not have reasonably foreseen a ruling that L.B.R. 9015-2(h)(1) does not govern the § 157(d) timeliness of jury-trial withdrawal motions including the Withdrawal Motion. Given the absence of briefing and argument on this issue, the Court should reconsider the Withdrawal Motion.

**C. The Denial Order should clarify its effect on Movants' lack of consent to the conduct of a jury trial by a bankruptcy judge.**

The proposition that federal courts cannot entertain actions seeking advisory opinions does not apply to pretrial interlocutory orders. The Court can clarify its Denial Order without implicating that doctrine.

The Local Bankruptcy Rules provide that if a jury-trial withdrawal motion is not filed by 7 days after entry of the pretrial order, the parties are deemed to have consented to a bankruptcy court jury trial. Movants, however, filed their Withdrawal Motion well before that deadline and so they retain their district court jury-trial rights in accordance with that rule. The Court should clarify that issue

when reconsidering the Denial Order.  At a minimum, the Court should clarify whether the determination of this issue can be determined by the Bankruptcy Court or must be adjudicated by this Court.  Movants should not be left with the risk that raising this issue for the first time with the Bankruptcy Court would result in an argument or ruling that Movants waived the issue by not raising it with this Court.  This Court is the court that issued the Denial Order and so this Court (and not the Bankruptcy Court) should be the court that clarifies the ruling if any clarification is required.

## III.
## CONCLUSION

For the foregoing reasons, Movants respectively request that the Court reconsider the Denial Order and either (a) determine that the Withdrawal Motion was timely and adjudicate the remainder of the motion or (b) clarify whether the Denial Order prevents Defendants from renewing their Withdrawal Motion when the action is ready for trial if any jury-triable claims remain; and (c) granting such further and additional relief as the Court deems just and proper.

Dated: January 14, 2022        **LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**

By: _____/s/ Kurt Ramlo_____
　　DAVID B. GOLUBCHIK
　　KURT RAMLO
Attorneys for Movants The X-Law Group, P.C. and Filippo Marchino

**THE X-LAW GROUP, P.C.**

By: _____/s/ Filippo Marchino_____
　　FILIPPO MARCHINO
Attorneys for Movant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased

**Attestation of Signature**

    I, Kurt Ramlo, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date:  January 14, 2022          By:  */s/ Kurt Ramlo*