**O**

# United States District Court
# Central District of California

| | |
|---|---|
| In re EAGAN AVENATTI LLP,<br><br>Debtor.<br>───────────────<br>RICHARD A. MARSHACK, as Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, P.C., et al.,<br><br>Defendants. | Case No. 8:21-cv-01631-ODW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [18]**<br><br>Bankruptcy Case No.: 8:19-bk-13560-SC<br><br>Adversary Case No.: 8:20-ap-01086-SC<br><br>Related Case No.: 8:21-cv-00336-ODW |

## I.   INTRODUCTION

Defendants The X-Law Group, P.C., Filippo Marchino, and Elba Hernandez (collectively, "Moving Defendants") move this Court to reconsider its December 10, 2021 Order denying their previous motion to withdraw their adversary proceeding case from the Bankruptcy Court.   (*See* Moving Defs.' Mot. Recons. ("Mot." or "Motion"), ECF No. 18.)   For the reasons discussed below, the Court **DENIES** Moving Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff Richard A. Marshack is the 11 U.S.C. Chapter 7 trustee for the bankruptcy estate of the law firm Eagan Avenatti, LLP ("Debtor"). (Moving Defs.' Mot. Withdraw Reference ("Withdrawal Motion") 1, ECF No. 10.) On May 19, 2020, Plaintiff filed the adversary proceeding, case number 8:20-ap-01086-SC (the "Adversary Proceeding")[2] against Defendants. (*Id.*); *see generally* Compl., *Richard A. Marshack v. The X-Law Grp.*, *P.C., et al.*, Case No. 8:20-ap-01086 (SCx) ("*Adversary Proceeding*"), ECF No. 1. In the Adversary Proceeding, Plaintiff filed a First Amended Complaint on October 26, 2020, *Adversary Proceeding*, ECF No. 92 ("FAC"), and a Second Amended Complaint on February 25, 2021, *Adversary Proceeding*, ECF No. 160 ("SAC").

On October 25, 2021, Moving Defendants filed a motion to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court so that the Adversary Proceeding is heard as a civil matter before this Court. (*See* Withdrawal Mot.) On December 10, 2021, the Court denied Moving Defendants' Withdrawal Motion, finding that it was not timely filed pursuant to 28 U.S.C. § 157(d). (Order Den. Withdrawal Mot. ("Denial Order"), ECF No. 17.)

In the instant Motion, which is fully briefed, Moving Defendants now seek reconsideration of the Court's Denial Order—pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Local Rule 7-18—arguing that the Court "should reconsider the applicability of the Local Bankruptcy Rules to the timeliness of the Withdrawal Motion." (Mot. 3; Opp'n, ECF No. 19; Reply, ECF No. 20.) As explained below, the Court already considered the Local Bankruptcy Rules in its Denial Order and did not commit any error when doing so. Accordingly, the Court **DENIES** Moving Defendants' Motion.

---

[2] The Adversary Proceeding is related to the underlying Bankruptcy Court proceeding, case number 8:19-bk-13560-SC.

### III.   LEGAL STANDARD

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are governed by the Local Rules of this district." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). A party may move for reconsideration under Local Rule 7-18 if there is: (a) a material difference in fact or law from that presented to the court before the court's decision, that the movant could not have reasonably known prior to the decision, (b) the emergence of new material facts or a change of law the decision, or (c) a manifest showing of a failure to consider material facts presented to the court before such decision. C.D. Cal. Civ. L.R. 7-18; *In re Countrywide*, 966 F. Supp. 2d at 1036.

In seeking reconsideration under Local Rule 7-18, the movant may not "repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Civ. L.R. 7-18. "Consistent with Local Rule 7-18, a [Rule 59(e)] '"motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."'" *Ketab Corp. v. Mesriani L. Grp.*, No. 2:14-cv-07241-RSWL (MRW), 2015 WL 2084469, at *2 (C.D. Cal. May 5, 2015) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

### IV.   DISCUSSION

Moving Defendants' sole argument in support of reconsideration is that the Court committed clear error in finding that Moving Defendants failed to bring their Withdrawal Motion in a "timely" manner as required by 28 U.S.C. § 157(d).

When determining whether the Withdrawal Motion was timely, the Court looked to Ninth Circuit precedent, which stated that, under 28 U.S.C. § 157(d), such a motion is timely "if it was made as promptly as possible in light of the developments in bankruptcy proceeding." (Denial Order 3 (citing *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997))). The Court explained that any motion for withdrawal must "be filed as soon as practicable," (*id.* (quoting *In re Vestavia Hills, Ltd.*, 630 B.R. 816, 851 (S.D. Cal. 2021))), which means the movant must file the motion promptly after first having "notice of the grounds for withdrawing," (*id.* (quoting *In re Vestavia Hills*, 630 B.R. at 851)). The Court found that Moving Defendants waited nearly one year to file their Withdrawal Motion after first having notice of the grounds for withdrawal, which—consistent with other California district courts—rendered the motion untimely. (*Id.* at 5–6.)

In its Denial Order, the Court also considered Local Bankruptcy Rule 9015-2(h) ("L.B.R. 9015-2"), which requires that any motion to withdraw be filed within seven days of the bankruptcy court's entry of a pretrial order. (*Id.* at 6 n.5.) The Court concluded that although Moving Defendants may have filed their Withdrawal Motion within this seven-day period, this alone would not render the motion timely under 28 U.S.C. § 157(d). (*Id.*) The Court explained that "the Local Bankruptcy Rule does not explicitly say this timeline renders such a motion 'timely' for Section 157(d) purposes" and also does not suggest that this Rule supersedes the standard set forth Section 157(d) and the Ninth Circuit cases interpreting it. (*Id.*)

Moving Defendants now argue that the Court committed "clear error" by failing to correctly apply L.B.R. 9015-2, under which the Withdrawal Motion would have been considered timely. (Mot. ii, 2.) However, as discussed herein and previously, the Court already addressed and applied L.B.R. 9015-2. Specifically, in the absence of any authority directing otherwise, the Court applies the standards for timeliness as set forth in *both* Section 157(d) and L.B.R. 9015-2, viewing both standards as floors—

not ceilings—for timeliness.  Thus, in order to be timely, a motion to withdraw reference must be filed at the first reasonable opportunity (Section 157(d)) *and* no later than within seven days of the bankruptcy court issuing the pretrial order (L.B.R. 9015-2).

This concurrent application of both timeliness standards is reinforced by L.B.R. 9015-2, subsection (3), which explicitly states, "Nothing in this rule precludes an earlier motion to withdraw reference on the grounds set forth in 28 U.S.C. § 157(d)."   This reinforces that L.B.R. 9015-2 is not intended to supersede Section 157(d), and instead, the two standards are intended to operate in harmony with one another, with no part of one rule superseding the other.   Indeed, Moving Defendants present no binding precedent, either now or in their Withdrawal Motion, in which a court found one rule to directly supersede or replace the other.

In its Denial Order, the Court found that Moving Defendants did not satisfy the timeliness requirements of Section 157(d) and therefore needed not and did not reach the issue of whether they may have satisfied L.B.R. 9015-2.  For the reasons explained above, this application of the rules does not "contain[] clear error" as Moving Defendants suggest.  (Mot. ii.)  Thus, the Court **DENIES** Moving Defendants' Motion for Reconsideration of the Court's Denial Order.

## V.   CONCLUSION

The Court did not commit clear error in issuing its Denial Order and therefore **DENIES** Moving Defendants' Motion for Reconsideration.  (ECF No. 18.)


**IT IS SO ORDERED.**


June 2, 2022


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**